UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MALIKIA SWAN, ET AL.** | **CASE NO. 3:22-CV-03101** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAY RUSSELL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to amend and voluntarily dismiss all claims under federal law, remand all remaining state law claims to state court, and award costs and attorney's fees associated with removal [doc. #9], filed by Plaintiffs Malikia Swan and Tiffany Higgins. The motion is opposed. [doc. #11].

For reasons that follow, it is recommended that Plaintiffs' motion be GRANTED in PART and DENIED in PART.

## Background

On April 22, 2022, Plaintiffs Malikia Swan ("Swan") and Tiffany Higgins (collectively, "Plaintiffs") filed the instant action in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana. [doc. #1]. On July 20, 2022, Plaintiffs filed an amended petition for damages. [doc. #1-4, p. 18]. Therein, Plaintiffs asserts claims against Defendants under the Louisiana Constitution, Article I, Section 29; Louisiana Civil Code Article 2315; and state tort law to recover damages that Swan allegedly sustained when Defendant Chris Colvin ("Deputy Colvin") tased him, threw him down, and tackled him into a ditch.[1] *Id.* at 18-21. Plaintiffs sue Deputy Colvin,

---

[1] In their original complaint, Plaintiffs also alleged violations of the Fourth Amendment of the United States Constitution. [doc. #1-4, p. 4]. Plaintiffs removed those allegations in their amended complaint. *Id.* at 18.

individually and in his official capacity as a deputy of the Ouachita Parish Sheriff's Office ("OPSO"); "Deputy McFarland," individually and in his official capacity as a deputy of the OPSO; Jay Russell, individually and in his official capacity as Sheriff of Ouachita Parish; Richwood High School; Ouachita Parish School Board; Tommy Comeaux, Shere May, Scotty Waggoner, Jerry R. Hicks, Harold McCoy, Dabo Graves, Greg Manley, and Don Coker, individually and in their official capacities as "governing authorities, decision/policymakers" for the Ouachita Parish School System; and "their XYZ, QRS, TUV insurance companies." *Id.* at 18.

Specifically, Plaintiffs allege that on April 23, 2021, Swan was a student at Richwood High School and became ill while testing. *Id.* at 18-19. Swan requested that the teacher call his mother, Tiffany Higgins ("Higgins"), to pick him up from school. *Id.* at 19. When his teacher denied his request, Swan left the classroom but was detained in the hallway by Deputy Colvin, the school resource officer. *Id.* Swan allegedly walked away from Deputy Colvin, who ordered him to stop walking and get on the floor. *Id.* Deputy Colvin then allegedly deployed his taser, causing Swan to fall to the floor and act erratically. *Id.* Swan, now allegedly injured, made an attempt to leave but was followed by Deputy Colvin and tasered again. *Id.* He was then allegedly thrown and tackled in a ditch near Highway 165 by Deputy Colvin and Deputy McFarland. *Id.* Swan was later released to his parents and transported to LSU Conway hospital for evaluation. *Id.*

Plaintiffs also allege that days prior to the incident, Higgins advised Deputy Colvin that Swan suffered from mental illness and needed special care. *Id.*

Plaintiffs assert that Defendants acted under color of state law to subject Swan to unreasonable and excessive force in violation of the Louisiana Constitution Article I Section 20. *Id.* Plaintiffs also allege that Deputies Colvin and McFarland failed to follow proper policies and procedures regarding the use of a taser and handling of students and minors. *Id.*

Plaintiffs further assert that Sherriff Russell failed to properly train or inadequately train his officers regarding the use of excessive force when apprehending individuals with mental illness and failed to adequately train deputies on the use of tasers on individuals with mental illness. *Id.* Plaintiffs also allege that Sheriff Russell failed to properly evaluate levels of mental illness and failed to properly train deputies on how to handle minors. *Id.*

Plaintiffs further assert that the Ouachita Parish School Board and Superintendent Don Coker are liable for failure to implement proper policies and procedures regarding the school resource officer's handling of students or minors who suffer from mental illness. *Id.* at 20. Plaintiffs also assert that the aforementioned defendants are liable in tort pursuant to the doctrine of *respondeat superior*. *Id.* Plaintiffs further assert that Defendants Russell, Coker, and the Ouachita Parish School Board are vicariously liable for the damages that Swan allegedly sustained. *Id.*

Finally, Plaintiffs assert that all Defendants acted with deliberate indifference, gross negligence, and reckless disregard for the safety and security of students by failing to follow or maintain a policy on conflict de-escalation without the use of force. *Id.*

Plaintiffs allege that Swan suffered neurological problems, high stress and anxiety, withdrawals from eating and sleeping, and inability to perform daily chores and class activities as a result of Defendants' actions. *Id.* Higgins further alleges that the Defendants' alleged tortious conduct caused her and her family emotional distress, anxiety, embarrassment, and loss of consortium. *Id.*

Plaintiffs seek compensatory, general, and "special including punitive" damages as well as costs and attorney's fees. *Id.* at 21.

On August 22, 2022, Defendants removed this case to federal court based on federal question jurisdiction. [doc. #1]. Defendants allege that Plaintiffs' claims arise under 42 U.S.C. § 1983. *Id.* at 2. Defendants acknowledge that, although Plaintiffs do not specifically plead § 1983 claims, allegations of deliberate indifference and excessive force arise under the United States Constitution. *Id.*

On August 25, 2022, Defendants Colvin, McFarland, and Russell filed a motion to dismiss for failure to state a claim on the basis of prescription. [doc. #4]. On August 31, 2022, the School Board of Ouachita Parish filed the same. [doc. #7].

On September 20, 2022, Plaintiffs filed the instant motion. [doc. #9]. Therein, Plaintiffs argue that their amended complaint does not contain any federal law claims. *Id.* Plaintiffs also request leave to amend and voluntarily dismiss any federal claims in their complaint. *Id.* Plaintiffs also argue that removal was improper because Defendant Richwood High School did not join in the removal. *Id.* Plaintiffs further request attorney's fees and costs associated with removal. *Id.*

On October 5, 2022, Defendants Colvin, McFarland, and Russell filed their opposition to the motion to remand. [doc. #11]. Plaintiffs did not file a reply.

Accordingly, the matter is ripe.

## **Analysis**

The federal question statute confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

---

[2] Defendants invoke federal subject-matter jurisdiction solely on the basis of federal question. There are no allegations that the court may exercise subject matter jurisdiction via diversity under 28 U.S.C. § 1332.

presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of [her] own cause of action shows that it is based upon those laws or that Constitution*.*" *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Stated another way,

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of [her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983).

The "characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all." *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366-367 (5th Cir. 1995). If the relief requested by plaintiff is available only under federal law, then a federal right is an essential element of her cause of action, and she is not proceeding "on the exclusive basis of state law." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). However, if a plaintiff has a viable state law claim, she may depend on it alone and thereby defeat attempts at removal. *Carpenter*, 44. F.3d at 366. Indeed, the plaintiff may always choose *not* to plead federal claims in order to prevent removal, because in the end, the plaintiff is "the master of the claim; . . . she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). As the party invoking federal jurisdiction, removing defendants bear the burden of demonstrating the existence of a federal question. *In Re: Hot-Head, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Here, Plaintiffs seek punitive damages and attorney's fees—relief available only under federal law. *See Morris v. Wyeth, Inc.*, No. 09-0854, 2009 WL 5342507, at *2 (W.D. La. Nov. 18, 2009) (Louisiana law does not allow for punitive damages or attorney's fees unless expressly authorized by statute); *see also Sockwell v. Phillips*, 20 F.3d 187, 189 (5th Cir. 1994) (awarding plaintiff punitive damages and attorney's fees under 42 U.S.C. §§ 1983, 1988). Because Plaintiffs' requested relief is available only under federal law, they do not proceed on the exclusive basis of state law, and federal question jurisdiction is proper. *Medina*, 238 F.3d at 680.

Plaintiffs, however, requested the Court's leave to amend and voluntarily dismiss any federal claims. [doc. #9, p. 1]. "As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)

Here, Defendants argue that Plaintiffs' request to voluntarily dismiss any federal law claims is a dilatory tactic to delay the Court's ruling on Defendants' motion to dismiss. As evidence, Defendants point to Plaintiffs' request to stay consideration of Defendants' motion to dismiss pending the Court's ruling on their motion to remand. However, as "master of the claim" it is appropriate for Plaintiffs to seek to avoid pleading federal law claims if they so choose. Indeed, it is manifest that an amendment to delete federal claims "is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011). Further, the Fifth Circuit has held that a plaintiff does not engage in forum manipulation when she files a motion to amend her complaint to delete her federal claims and simultaneously files a motion to remand the remaining state law claims. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir.1999). Instead, this process is properly characterized as a legitimate effort by Plaintiffs to try their state law claims in the forum of their choice—especially

6

when the federal law claims are subject to dismissal on the merits in any event. *Id.* Thus, the Court finds no substantial basis to deny leave to voluntarily dismiss the federal law claims.

Having found that Plaintiffs' request for punitive damages and attorney's fees are claims arising under federal law, those claims should be dismissed consistent with Plaintiffs' request to voluntarily dismiss its federal law claims.

As to the remaining claims, Defendants acknowledge that Plaintiffs amended their petition in state court to remove any invocation of the United States Constitution. [doc. #11, p. 3-4]. Defendants also admit that Plaintiffs' complaint does not "specifically [plead] claims arising under [§ 1983]. [doc. #1, p. 2]. Indeed, the sole reference to statutory authority in Plaintiffs' petition is to state law and the Louisiana Constitution.

Nonetheless, Defendants contend that because Plaintiffs assert that the Ouachita Parish Sheriff's Office Defendants acted with deliberate indifference, they implicitly assert federal law claims. In their amended complaint, Plaintiffs assert that "all Defendants acted with deliberate indifference, gross negligence, and reckless disregard to the safety and security of students by failing to follow or have a policy on how to deescalate conflict with students without the excessive use of force." [doc. #1-4, p. 20]. The mere presence of the words "deliberate indifference" in the complaint is not sufficient to invoke federal jurisdiction, absent the plaintiff's intent to do so. Indeed, plaintiffs in Louisiana state court allege deliberate indifference in the context of state negligence claims. *See Hemsted v. Jefferson Parish School Bd.*, 05-238, 916 So.2d 1174, 1176 (La.App. 5 Cir. 10/6/05) (negligence case where "plaintiffs . . . [alleged] that [defendant] was grossly negligent and acted with deliberate indifference"); *Aucoin v. Larpenter*, 2021-0064, 329 So.3d 363, 367 (La.App. 1 Cir. 9/20/21) (negligence case where plaintiffs alleged deliberate

indifference). Thus, the mere fact that Plaintiffs allege deliberate indifference does not mean that their claims arise under federal law.

Defendants also argue that Plaintiffs allege claims that are "the types of claims which give rise to *Monell* liability pursuant to [§ 1983]." [doc. #11, p. 5-6]. Again, simply because Plaintiffs' claims *could be* § 1983 claims does not mean that they *must be* § 1983 claims. Plaintiffs in Louisiana state court regularly allege failure-to-train in state negligence actions. *See Populis v. State Dep't of Transp. & Dev.*, 16-655, 222 So.3d 975, 978 (La.App. 5 Cir. 5/31/17) (plaintiff alleging fault/negligence for failure to train and supervise employees); *Nolen v. State*, No. 7099, 377 So.2d 586, 587 (La.App. 3 Cir. 1/21/79) (plaintiff alleging negligence for failure to properly train sheriff's deputies). Further, Plaintiffs clearly expressed their intent as master of their complaint to allege violations only of state law, not federal law. Thus, in light of the state law basis for failure-to-train claims and Plaintiffs' clearly expressed intent, the undersigned finds that Plaintiffs' claims do not invoke federal-question jurisdiction.

Accordingly, Defendants fail to carry their burden to show that Plaintiffs' remaining claims raise a substantial federal question.[3] Thus, the only question remaining for the Court is whether it will exercise its supplemental jurisdiction over the state law claims.

When, as here, all claims which conferred original jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3). In fact, this is the general rule. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th

---

[3] Plaintiffs also argue that removal was improper because Defendant Richwood High School did not join in the removal. However, a school is not a person with the capacity to sue or be sued within the meaning of Fed. R. Civ. P. 17—a school is "merely a facility created by the [School Board]." *Muller v. St. Tammany Parish*, No. 09-3362, 2010 WL 2464802, at *7 (E.D. La. Apr. 28, 20210). Here, Ouachita Parish School Board joined in the removal. [doc. #11, p. 1]. Thus, removal was not defective for a defendant's failure to join.

Cir. 2004). Nonetheless, when deciding whether to relinquish jurisdiction over pendent state law claims, the court must look to the statutory factors set forth in 28 U.S.C. § 1367(c) and the common law factors of judicial economy, convenience, fairness, and comity. *Enochs*, 641 F.3d at 160. The statutory factors include: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs,* 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)). When all federal claims are eliminated before trial, however, these factors will usually "point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ.*, 108 S. Ct. at 619. Courts should also guard against improper forum manipulation, but the existence of forum shopping should not be a "trump card which overrides all of the other factors." *Enochs*, 641 F.3d at 161.

Applying the foregoing considerations here, the Court finds that the remaining state claims present novel issues of state law pertaining to the issue of prescription. *See Bowman v. Ouachita Par. Sheriff's Off.*, No. 20-1372, 2021 WL 900670, at *5 (W.D. La. Feb. 22, 2021) (novel issue as to whether Louisiana's two-year prescriptive period for intentional torts involving crimes of violence might apply to the facts of the case). The Court further finds that state law claims substantially predominate over the now-non-existent federal claims. In addition, all of the federal claims have been recommended for dismissal.

Turning to the common-law factors, the Court finds that hardly any judicial resources were devoted to consideration of Plaintiffs' state law claims. Accordingly, judicial economy will not be served by retaining the state law claims here. Additionally, the convenience consideration appears no better than neutral. Both the state and federal courts are located a few blocks apart in

9

Monroe, Louisiana. As far as financial inconvenience goes, Defendants' motions and arguments pertaining to the remaining state law claims may be carried with the case and restyled for consideration by the state court, as needed. No scheduling order has issued, and no discovery has been authorized in this Court.

It is also fair to have Louisiana state law claims heard in Louisiana state court. Defendants' protestations notwithstanding, the court discerns no cognizable or material prejudice to either side associated with remand. *Enochs*, 641 F.3d at 160. Finally, "comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Id*. In sum, the overall balance of the common law factors weighs heavily in favor of remand. *See id.*

In *Enochs*, the Fifth Circuit emphasized that improper forum manipulation was not so serious a concern that it could trump the foregoing factors that the court was obliged to consider and balance. *Id.* As in *Enochs*, any forum manipulation here was not so improper that it may serve to override the balance of other factors that overwhelmingly favor remand. *Id*. It is worth noting that Plaintiffs enjoy a legitimate interest in preserving the state court forum that they chose originally. As Judge Rubin once remarked, "[f]orum-shopping is sanctioned by our judicial system. It is as American as the Constitution, peremptory challenges to jurors, and our dual system of state and federal courts." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983). "The existence of these choices not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause." *Id*.

Plaintiffs also seek attorney's fees and costs associated with removal. "There is no automatic entitlement to an award of attorney's fees" in the context of improper removal. *Valdes v.*

10

*Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Defendants had a reasonable belief that removal was proper on the basis of federal-question jurisdiction. Accordingly, it is recommended that Plaintiffs' request for attorney's fees and costs be denied.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' motion to amend their complaint and voluntarily dismiss their federal claims[4] [doc. #9] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' motion to remand [doc. #9] be **GRANTED**, and that this matter be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. The pending motions to dismiss will be carried with the case.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' request for attorney's fees and costs [doc. #9] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[4] Plaintiffs' request for punitive damages and attorney's fees are claims arising under federal law. All other claims arise under state law. *See* discussion, supra.

11

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 20th day of October, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE